SAMUEL B. UPHAM AND OTHERS, AS ASSIGNEES, ETC., APPELLANTS, v. OLIVE A. PADDOCK AND OTHERS, RESPONDENTS.

*Judgment—when a party to it is estopped from disputing facts established by it— Collector's bond — as to whether the lien of such bond extends to equitable interests — 1 R. S. (6th ed.), 833, § 43.*

Prior to January, 1875, one Loveland Paddock died intestate leaving him surviving as his only heirs-at-law three children, Oscar, Edwin L. and George F. Prior to his death he had bought certain lands for a valuable consideration and paid the purchase-price thereof, and was, at the time of his death, in equity entitled to a conveyance, and had then entered into possession and received the profits thereof. In January, 1875, George F. Paddock was declared a bankrupt. Thereafter a collector, upon whose bond he was liable as a surety, having

made default, an action was commenced by the supervisor, under 1 Revised Statutes (6th ed.), 833, section 43, to have the amount in which the said collector was in default adjudged a lien upon the real estate of those who executed the bond from the time of the filing thereof. The complaint therein alleged that the plaintiffs were unable to set forth a description of all the real estate owned by the said George F. Paddock and the other sureties, and prayed leave to furnish the same at or before the trial, with the same force and effect as though set out in the complaint. The court directed a judgment establishing the lien of the bond against all of the said Paddock's real estate, and referred it to a referee to ascertain and report a description thereof, unless the parties agreed upon the same, and directed that, when so ascertained and described, it should be sold by the sheriff and the proceeds applied as therein directed. By agreement of the parties to the action a description of the above mentioned real estate was inserted in the judgment, and the same was thereafter sold by the sheriff to one who had notice of the situation of the title, and who had been notified by the plaintiffs, the assignees in bankruptcy of Paddock, who were parties to the action, that the collector's bond was not a lien upon the premises because Paddock's interest was only of an equitable character. Thereafter the sheriff's report of sale was, upon due notice to all the parties, confirmed.

In this action, brought by the plaintiffs to recover the said real estate from the purchaser, on the ground that Paddock's interest therein being of an equitable character only, he had acquired no title upon the sale.

*Held*, that they were estopped by the judgment in the former action from insisting that Paddock's interest was not subject to the lien of the bond, or from disputing the validity of the title acquired by the purchaser at the sale had in pursuance thereof.

*Quære*, as to whether section 43 of 1 Revised Statutes (6th ed.), 833, providing that "every such bond shall be a lien on all the real estate held jointly or severally by the collector or his sureties within the county at the time of the filing thereof," does not create a lien upon real estate of the surety held only by an equitable title, when he is in possession thereof, lawfully exercising the rights of an owner. (Per TALCOTT, J.)

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action by the court without a jury.

*O'Brien & Emerson*, for the appellants.

*F. W. Hubbard*, for the respondents.

TALCOTT, P. J.:

This action is brought by the assignees in bankruptcy of George F. Paddock, to reach certain alleged equitable interests of the said

George F. Paddock in certain real estate situate in the city of Watertown.

The petition on which the decree of bankruptcy was made, was filed on the 31st of January, in the year 1875, previous to which time Loveland Paddock, the father of the said George F., had died intestate, leaving as his only heirs-at-law Oscar Paddock, Edwin L. Paddock, and the said bankrupt, George F. Paddock.

Loveland Paddock, the deceased intestate, was, at the time of his death, the sole owner of the stock of the Black River Bank, a bank organized under the general banking law of the State of New York. After the passage of the act of Congress imposing a tax on the capital stock, deposits and circulation of the State banks, on the 30th of June, 1864, the said Loveland Paddock gave the notice required by law through the Bank Department of the State of New York, to close out the Black River Bank and redeem its circulation; and the said bank thereafter ceased to carry on its banking business, and withdrew, from time to time, the securities deposited with the banking department of the State, and organized the First National Bank of Watertown, under the act of Congress authorizing the creation of national banks. While the Black River Bank was in existence, and doing business, it was seized in fee of the lands in question, and Loveland Paddock had purchased the lands of said bank for a valuable consideration, and paid the purchase-price, and was, in equity, entitled to a conveyance thereof, and was in possession and occupation thereof, and paid the taxes and received the rents, issues and profits thereof; but no conveyance in form was ever made by the Black River Bank to Loveland Paddock, and the bankrupt, George F. Paddock, on the death of the said Loveland Paddock, became entitled, as one of the heirs-at-law, to an undivided one-third of all the rights and equitable interests in said premises of which his father Loveland had been possessed at the time of his death.

Said George F. Paddock, at the time of the father's death, was liable as a surety upon the official bonds of the collectors of taxes of the town of Watertown, and the collectors of the third and fourth wards of the city of Watertown.

The moneys collected by the said collectors in their official capacity, having been deposited with a banking firm, of which the

said bankrupt George F. Paddock was a partner, and which failed, the said collectors became defaulters on their official bonds; and the said bonds having been duly filed pursuant to the statute and docketed in the same manner in which judgments are entered of record, the several supervisors of the town and wards aforesaid commenced suits in this court, in equity, under the statute (1 R. S. [6th ed.], 833, § 43) to enforce the liability of the said George F. Paddock and the other sureties, alleging that none of the defendants who executed such bonds had personal property which could be reached on execution, and praying, amongst other things, that the amount in which the said collectors were in default be adjudged a lien upon all the real estate in the county of Jefferson owned by the persons who had executed said bonds, or any or either of them, from the time of filing such bonds respectively.

The complaints in each of said actions alleged that the plaintiff *was unable to set forth a description of all the real estate owned by the said George F. Paddock*, and the other sureties, or either of them, *and prayed leave to furnish the same at or before the trial of the action*, and the adjudication of the court upon the matters in the complaint contained, *with the same force and effect as though set out in the complaint.* The said actions went to trial upon the other questions raised by the complaint, at a Special Term held in Jefferson county, on the first day of July, 1875, and the justice before whom the same was tried found certain facts establishing the liens of the said several bonds upon the real estate of the parties by whom they had been executed, and other facts upon which questions were raised by the pleadings in each case, and, amongst other things, that the plaintiff in each case was entitled to a judgment establishing the lien of the bonds against all of the real estate of the said George F. Paddock, and the others who had executed the said bonds, with costs, and ordering the sale of the real estate of such defendants to be sold by the sheriff of Jefferson county, the said real estate *to be fully described in the judgment entered in the action.*

*First.* The real estate held or owned jointly or severally by the defendants, George F. Paddock and Merrill Andrews, subject to all prior liens thereon hereinbefore established, and it was referred to a referee to ascertain and report the description of the real estate to

be sold, unless the parties agree upon the same. George F. Paddock having become bankrupt, and the plaintiffs been appointed assignees, they were, as such, made parties defendant to each of the said suits.

The whole of the final judgment, as finally entered, is not contained in the case, but as we understand the case, for the purpose of avoiding the necessity of a reference to ascertain and report a description of the lands to be sold, the several parties agreed upon a description of the lands to be sold by a stipulation fully describing such lands, but which stipulation is not contained in this case, but it formed the authority upon which that part of the judgment by which the sale of the particular lands was directed.

The case being imperfect in not setting forth fully the judgments recovered on the collectors' bonds, perhaps we ought to send it back to the appellant's attorney to have the defect remedied, but in view of the delay to be occasioned thereby we have thought it best to assume, as against the appellant, what we understand to be the fact, that the judgments in the several suits on the collectors' bonds did contain a full description of the particular lands which are sought to be recovered in this action, declaring them to be owned by George F. Paddock, with a direction to the sheriff to sell the same. The premises in question were sold by the sheriff of Jefferson county, in pursuance of the several judgments recovered on the collectors' bonds, and were bid off and purchased at the sheriff's sale by Edwin L. Paddock, who had notice of the situation of the title, in behalf of his wife, Olive A. Paddock, and after the plaintiffs had given notice to the effect that the collectors' bonds were not liens upon the premises, because George F. Paddock's interest was only of an equitable character, the legal title never having been conveyed by the Black River Bank. The sheriff, as he was directed by the judgment, made his report of sale, which report was confirmed upon due notice to the defendant, and amongst others to the plaintiffs in this suit.

The plaintiffs did not appeal from the judgment, made no motion to correct the same in regard to the description of the premises to be sold, and did not oppose the confirmation of the sheriff's sale. But the sheriff, in pursuance of the sale, conveyed the premises to Olive A. Paddock, the purchaser, who paid the amount of her bid, which was distributed pursuant to the judgment.

The plaintiffs now seek to assert a title to the premises as the assignees in bankruptcy of George F. Paddock, upon the ground that the collectors' bonds were not a lien upon the premises in question, because George F. Paddock did not hold the legal title to his one-third of the premises, but only the equitable interest which he took by descent from Loveland Paddock.

The defendant, amongst other things, sets up the judgments on the collectors' bonds and the sale thereunder, and her purchase and sheriff's deed as a former adjudication and a bar to the claim of the plaintiffs, and on the trial of this cause the said judgments were offered in evidence, together with proofs of the sale and her purchase. The plaintiffs' counsel objected to the reception of the record of the said judgments on the collectors' bonds in evidence, on the ground that they were incompetent, which objection was overruled, and the plaintiffs excepted.

The justice at the Special Term, after a finding of the facts in the case, which were mainly undisputed, ordered judgment for the defendants, holding as conclusions of law that said George F. Paddock, "at the date of the filing of said collectors' bonds, equitably held and owned an undivided one-third interest in the lands described in the complaint, holding under a paid-up contract of purchase and entitled to a proper title from the Black River Bank, and had no legal title thereto except as aforesaid." That said collectors' bonds became a lien on such equitable interest, and that, "irrespective of the existence of a lien in fact, this action cannot be maintained; that the judgments in the former actions on the collectors' bonds adjudging the lien to exist and the land to be sold in foreclosure of the lien, the plaintiffs in this action having been parties to those actions and having acquiesced therein, and the referee's (sheriff's) report of sale, motion for confirmation and order for confirmation, are a bar to this action."

The language of the statute (1 R. S. [6th ed.], 833, § 43) is: "And every such bond shall be a lien on all the real estate *held* jointly or severally by the collector or his sureties within the county at the time of filing thereof." .        *        *        *        *

In this case the land was held by George F. Paddock by a title and under a right under which he could have defended in an action of ejectment against the Black River Bank, conceding that the mere

legal title yet remained in that bank and that a formal conveyance was necessary to transfer it. (*Moyer* v. *Hinman*, 13 N. Y., 180; *Murray* v. *Walker*, 31 id., 399; Story on Eq., § 790; *Carpenter* v. *Ottley*, 2 Lans., 451.)

It is by no means clear that the lien created by the filing of a collector's bond can be defeated by the circumstance that the lands, on which the lien is sought to be enforced, are *held* only by an equitable title, where the surety is in possession and lawfully exercising the rights of an owner.

But in this case we do not deem it absolutely necessary to decide that question, as we are of the opinion that the court properly held the plaintiffs to be estopped by the judgments on the collector's bonds, particularly describing the premises, finding that they were owned by George F. Paddock, and ordering the same to be sold by the sheriff; and the sale and conveyance by the sheriff to Olive A. Paddock, to which suit in all the stages thereof the plaintiffs were parties, as assignees in bankruptcy of George F. Paddock. The complaint in the actions on the collectors' bonds stated that the plaintiff was unable to seth forth a description of all the lands owned by George F. Paddock, and prayed that the same might be ascertained and appropriately described in the judgment; and the judgment did particularly describe them, as did the advertisement and report of sale.

The allegation in the complaint was sufficient to raise the issue as to what lands of Paddock's the collectors' bonds were liens upon. The plaintiffs, if they supposed the collectors' bonds were not liens upon the premises in question for any reason, could and should have opposed the incorporation of the description of these lands in the judgment, and, if unsuccessful in their opposition, might have appealed from the judgment, and so had the question finally determined by the court of last resort in this State, and even by the Supreme Court of the United States. Instead of this, the plaintiffs neither appealed from the judgment, or took any other measures to have it corrected in regard to the description of the land to be sold, but suffered the sale to take place; the defendant, Olive A. Paddock, to pay her purchase-money, the report of sale to be confirmed, and the proceeds of sale to be distributed under the decree.

We do not see why the plaintiffs are not as effectually precluded

as in any other case of foreclosure, from denying the title of the purchaser at a sale on a foreclosure suit to which they were parties. (*Jackson* v. *Hoffman*, 9 Cow., 271.)

*First.* It is ordered that the appellant amend his appeal book by causing to be inserted therein the full form of the judgment in the case of *Solon Wilder, as Supervisor of the Fourth Ward of the City of Watertown*, plaintiff, v. *Orrin O. Butterfield, George F. Paddock and others*, containing the full description of the land by aid judgment ordered to be sold and the adjudication that it is the land of George F. Paddock, within twenty days, and before any appeal shall be made from the decision hereupon.

*Second.* The judgment appealed from is hereby affirmed, with costs.

RUMSEY, J., concurred; HARDIN, J., not sitting.

Ordered accordingly.